UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLVESTER BRADFORD,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MINH VOONG, et al.,<br><br>　　　　Defendants. | Case No. 17-cv-04964-HSG<br><br>**ORDER DENYING MOTION FOR REMAND; DENYING MOTION TO DISMISS, FOR LEAVE TO FILE AMENDED COMPLAINT, AND FOR CASE MANAGEMENT CONFERENCE**<br><br>Re: Dkt. Nos. 6, 12 |

## INTRODUCTION

Plaintiff, an inmate at Correctional Training Facility ("CTF") in Soledad, California initiated this action by filing a *pro se* complaint in Monterey County Superior Court on June 22, 2017, against CTF correctional officers J. Barba, M. Ramirez, DN McCall, and Arnold; CTF Warden Spearman; California Department of Corrections and Rehabilitation ("CDCR") Director Jeffrey Beard; and CDCR Office of Appeals Chief M. Voong. Dkt. No. 1 at 1. On July 27, 2017, Plaintiff effectuated service on Defendants Beard and Voong in accordance with California law. *Id.* On August 25, 2017, Defendants Beard and Voong removed this action to federal court. Dkt No. 1.[1] Pending before the Court are Plaintiff's motion to remand the action (Dkt. No. 6) and Plaintiff's motion to dismiss the complaint, for leave to file an amended complaint, and for a case management conference (Dkt. No. 12). For the reasons set forth below, the Court DENIES Plaintiff's motion to remand and DENIES Plaintiff's motion to dismiss, for leave to file an amended complaint, and for a case management conference.

---

[1] After Plaintiff's motion for remand was filed, Defendants Arnold, Barba, Ramirez and Spearman joined in the notice of removal filed by Defendants Beard and Voong. Dkt. No. 14. Defendant McCall has not yet appeared in this action.

**DISCUSSION**

I. **MOTION FOR REMAND**

    a. **Legal Standard Governing Remand**

Section 1441(a) of Title 28 provides that a defendant may remove from state court any action "of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). The vast majority of lawsuits "arise under the law that creates the cause of action." *American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916); *see also Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 808 (1986). Federal district courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

For removal to be proper, the federal question must be clearly presented on the face of the plaintiff's properly pleaded complaint. *Oklahoma Tax Comm'n v. Graham*, 489 U.S. 838, 840–41 (1989); *see also Caterpillar, Inc., v. Williams*, 482 U.S. 386, 392 (1987); *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). This rule makes the plaintiff the master of his claim in that the plaintiff may avoid federal jurisdiction by exclusive reliance on state law. *Caterpillar, Inc.*, 482 U.S. at 392. The removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *see also Sygenta Crop Prot. v. Henson*, 537 U.S. 28, 32 (2002). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus*, 980 F.2d at 566; *see also Nishimoto v. Federman-Bachrach & Assoc.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990). Courts must reject federal jurisdiction if there is any doubt as to the right of removal in the first instance. *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996).

    b. **Analysis**

Plaintiff argues that this Court does not have jurisdiction over this action because he has filed an amended complaint in state court wherein he removes all federal claims. Dkt. No. 6 at 1 and 3. In his motion for remand, Plaintiff also expressly disavows all federal claims. *Id.* Plaintiff further alleges that the California Attorney General has a pattern of removing cases from state court in order to delay the resolution of cases. *Id.* at 2.

Defendants argue that removal was proper because Plaintiff's claims of retaliation, cruel and unusual punishment, and due-process violations allege substantial questions of federal law. Defendants further note that Plaintiff cites to federal authority throughout the complaint to support his claims, and that Plaintiff explicitly asserts that his federal constitutional rights were violated. Dkt. No. 13 at 2.

The only complaint in the record is the complaint initiating this action in state court, filed on June 22, 2017. Dkt. No. 1-1. Although Plaintiff claims that he filed an amended complaint, there is no amended complaint in the record before the Court.

After reviewing the complaint, the Court concurs with Defendants that the complaint clearly presents federal claims. In the complaint, Plaintiff alleges sixteen causes of actions. In his fourth and seventh causes of action, Plaintiff alleges that Defendant Barba and Defendant Arnold, respectively, violated his "state and *federal* rights to due process" of law. Dkt. No. 1-1 at 46 and 50 (emphasis added). In his fourteenth cause of action, Plaintiff alleges that Defendant Beard violated his due process rights and cites to two federal cases in support of this allegation. *Id.* at 66 (citing to *Sandin v. Connor*, 515 U.S. 472 (1995) and *Morrissey v. Brewer*, 404 U.S. 471 (1972)). In his list of supporting legal authorities, Plaintiff primarily cites to federal case law. Dkt. No. 1-1 at 72–75. Although the remaining claims appear to be state law claims, the complaint clearly contains at least three claims that arise out of the laws of the United States.

A civil action brought in a state court which contains both federal and state law claims may be removed to federal court because the federal court's jurisdiction derives from the federal claims. *Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 166 (1997). Once the case is removed, the district court has original jurisdiction over the claims arising under federal law, and may exercise supplemental jurisdiction over the accompanying state law claims so long as those state law claims constitute "other claims that . . . form part of the same case or controversy." *Id.* at 165 (quoting 28 U.S.C. § 1367(a)).

Here, Plaintiff's causes of action, both state and federal, derive from a common nucleus of operative facts — an August 2015 cell search resulting in a RVR that accused Plaintiff of possessing contraband, and the grievances filed regarding both the cell search and the RVR. This

3

Court has original jurisdiction over the federal claims set forth in the complaint, and may exercise supplemental jurisdiction over the accompanying state law claims. Defendants properly removed this case to federal court.

Plaintiff has stated that he wishes to disavow all federal claims and has requested leave to file an amended complaint omitting all federal claims. Plaintiff's motion to remand this case is therefore DENIED without prejudice to re-filing if he files an amended complaint that alleges only state law claims.

## II. MOTION TO DISMISS AND REQUEST FOR AMENDED COMPLAINT AND CASE MANAGEMENT CONFERENCE

Plaintiff has filed a motion titled "Motion to Dismiss and Request for Amend (sic) Complaint, and Case Management Conference." Dkt. No. 12.

Plaintiff requests that the Court dismiss the complaint and allow him to file an amended complaint. Plaintiff states he intends to withdraw all federal claims. Plaintiff also requests that the Court schedule a case management conference.

Plaintiff's motion to dismiss his complaint is DENIED. Dismissal of the complaint, where there is no other pending complaint, is the equivalent of dismissing this action, which is not Plaintiff's intention. Plaintiff has stated that he intends to prosecute this action, but seeks to litigate in state court and not federal court.[2]

Plaintiff's motion to file an amended complaint is DENIED without prejudice to re-filing a motion for leave to file an amended complaint that complies with the Court's local rules and includes a copy of the proposed amended complaint. Pursuant to Local Rule 10-1, Plaintiff must attach a copy of the proposed amended complaint to his motion for leave to amend. N.D. Cal. L. R. 10-1. Plaintiff has not satisfied this requirement.

Plaintiff's motion for a case management conference is DENIED. A case management

---

[2] If Plaintiff seeks to voluntarily dismiss this action without a court order, he may do so pursuant to Rule 41(a) (1)(A) of the Federal Rules of Civil Procedure. Rule 41 requires Plaintiff to file a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; otherwise, a stipulation of dismissal signed by all parties who have appeared is required. Fed. R. Civ. P. 41(a)(1)(A). Although a Rule 41 dismissal is without prejudice unless the notice or stipulation states otherwise, if the plaintiff previously dismissed any federal or state court action based on or including the same claim, a Rule 41 notice of dismissal will operate as an adjudication on the merits. Fed. R. Civ. P. 41(a)(1)(B).

4

conference is not necessary at this time.

## CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's motion to remand (Dkt. No. 6) without prejudice to re-filing if he is permitted to file an amended complaint that alleges only state law claims. The Court also DENIES Plaintiff's motion to dismiss, for leave to file an amended complaint, and for a case management conference (Dkt. No. 12) without prejudice to re-filing a motion for leave to file an amended complaint that includes a copy of the proposed amended complaint.

The Court is required to conduct a preliminary screening of the complaint. *See* 28 U.S.C. § 1915A(a) (requiring federal court to conduct preliminary screening in any case in which prisoner seeks redress from a governmental entity or officer or employee of a governmental entity). However, Plaintiff has indicated that he wishes to file an amended complaint that omits all federal claims. If Plaintiff seeks leave to file an amended complaint that solely alleges state law claims, it is within the Court's discretion allow filing of such an amended complaint and to then remand this action back to state court. *See Swett v. Schenk*, 792 F.2d 1447, 1450 (9th Cir. 1986) ("it is within the district court's discretion, once the basis for removal jurisdiction is dropped, whether to hear the rest of the action or remand it to the state court from which it was removed"); *Plute v. Roadway Package System, Inc.*, 141 F. Supp. 2d 1005, 1007 (N.D. Cal. 2001) (court may remand *sua sponte* or on motion of a party). To preserve Court resources, the Court will delay screening of the complaint for twenty-eight days. If Plaintiff does not file a motion for leave to file an amended complaint within **twenty-eight (28) days** of the date of this order, the Court will screen the complaint that initiated this action (Dkt. No. 1-1).

This order terminates Dkt. Nos. 6 and 12.

**IT IS SO ORDERED.**

Dated: 12/4/2017

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge

5