UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLVESTER BRADFORD,<br><br>    Plaintiff,<br><br>v.<br><br>MINH VOONG, et al.,<br><br>    Defendants. | Case No. 17-cv-04964-HSG<br><br>**ORDER DENYING MOTION FOR DEFAULT JUDGMENT, DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>Re: Dkt. Nos. 19, 20 |

Plaintiff, an inmate at Mule Creek State Prison in Ione, California filed this *pro se* complaint against Correctional Training Facility ("CTF") correctional officers J. Barba, M. Ramirez, DN McCall, and Arnold; CTF Warden Spearman; California Department of Corrections and Rehabilitation ("CDCR") Director Jeffrey Beard; and CDCR Office of Appeals Chief M. Voong, regarding events that transpired when he was previously housed at CTF. Dkt. No. 1 at 1. Now pending before the Court are Plaintiff's motion for default judgment against Defendant McCall (Dkt. No. 19), and Plaintiff's motion requesting appointment of counsel (Dkt. No. 20). For the reasons set forth below, both motions are DENIED.

**I.    MOTION FOR DEFAULT JUDGMENT**

Plaintiff argues that Defendant McCall has failed to file a timely answer and requests that the Court enter a default judgment against him.

Entry of default and default judgments are governed by Rule 55 of the Federal Rules of Civil Procedure.[1] The process for obtaining entry of default and default judgment under Rule 55

---

[1] Plaintiff argues that Defendant McCall's failure to answer establishes procedural default under state law and that *Harris v. Reed*, 489 U.S. 255 (1989) holds that federal courts may not consider claims that are procedurally defaulted under state law. Because this case has been removed to federal court, it is now governed by the Federal Rules of Civil Procedure and not by state

is a two-step process: (1) seeking entry of default from the clerk of the court and (2) filing a motion for default judgment before the district court. Fed. R. Civ. P. 55; *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986) (recognizing "two-step process" required by Rule 55); *see also Symantec Corp. v. Global Impact, Inc.*, 559 F.3d 922, 923 (9th Cir. 2009) (discussing difference between entry of default and default judgment). When the clerk of court has not entered default against a defendant, a motion for default judgment against that defendant is improper. *Ardalan v. McHugh*, No. 13-CV-01138-LHK, 2013 WL 6212710, at *23 (N.D. Cal. Nov. 27, 2013); *see also e.g., Marty v. Green*, No. 2:10-CV-01823 KJM KJN PS, 2011 WL 320303, at *3 (E.D. Cal. Jan. 28, 2011) (finding that plaintiff failed to follow proper procedural steps to file a motion for default judgment where plaintiff failed to first seek a clerk's entry of default from the Clerk of the Court and denying motion for default judgment); *Norman v. Small*, No. 09CV2235 WQH NLS, 2010 WL 5173683, at *2 (S.D. Cal. Dec. 14, 2010) (denying default judgment because the clerk had not entered default). The Clerk of the Court has not entered default as to Defendant McCall, and therefore Plaintiff's motion for default judgment is improper. *See Ardalan*, 2013 WL 6212710, at *23.

Even if Plaintiff's motion were proper, the docket indicates that, on December 12, 2017, Defendant McCall filed a notice stating that he joined in the notice of removal filed by Defendants Beard and Voong on August 25, 2017. Even assuming that Defendant McCall's joinder is untimely, Defendant McCall's joinder is sufficient indication of his intent to defend this action.

More importantly, it is well-settled law that the court has the discretion to deny entry of default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In choosing whether to

---

procedural rules. Moreover, the concept of procedural default is inapplicable here. Procedural default applies in federal habeas corpus actions and precludes a federal habeas court from reviewing a state prisoner's federal claims where the state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule. In *Harris*, the Supreme Court addressed whether a state prisoner's ineffective assistance of counsel claim had been procedurally defaulted and examined whether the state court opinion denying this claim relied on a state procedural rule. *See generally Harris*, 489 U.S. at 269–66. In contrast, entry of default and entry of default judgment do not affect a particular claim, but affect a particular party. Entry of default against a party is appropriate where that party has failed to take action to defend himself in the action. *See generally* Fed. R. Civ. P. 55(a). Entry of default judgment is a binding judgment in favor of a party based on the other party's failure to take action, and is subsequent to an entry of default. Fed. R. Civ. P. 55(b).

grant or deny an application for default judgment, the court may consider a number of factors including: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel*, 782 F.2d at 1471–72. At this early stage in the litigation, the second, third, and fifth factors cannot be assessed, and the record is silent as to the sixth factor. The remaining factors support a denial of Plaintiff's request for default judgment. Regarding the first factor, Plaintiff has not alleged or demonstrated any prejudice caused by Defendant McCall's delay in answering the complaint. Regarding the fourth factor, the complaint requests $1,000,000.00 in damages from Defendant McCall, which is a significant sum of damages. Finally, regarding the seventh factor, the Court recognizes the policy that "[c]ases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472.

Accordingly, Plaintiff's motion for entry of a default judgment against Defendant McCall is DENIED. *Lau Ah Yew v. Dulles*, 236 F.2d 415, 416 (9th Cir. 1956) (upholding denial of motion for entry of default judgment where answer was not timely).

## II. REQUEST FOR APPOINTMENT OF COUNSEL

Plaintiff has filed a motion requesting appointment of counsel, arguing that appointment of counsel is necessary because of his *in forma pauperis* status; the complexity of the issues, the numerous defendants who are state employees at various levels; the denial of his remand motion; and the loss of the legal assistance he had while previously housed at California Training Facility in Soledad, California. Dkt. No. 20.

There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *Lassiter v. Dep't of Social Svcs.*, 452 U.S. 18, 25 (1981). A court may request an attorney to represent any person unable to afford counsel pursuant to Section 1915(e)(1) of the United States Code, title 28, *see* 28 U.S.C. § 1915(e)(1), but only in "exceptional circumstances," *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) *partially overruled on other grounds*, 154 F.3d 952, 954 n. 1 (9th Cir.1998). To determine exceptional

3

circumstances, the Court must evaluate the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *Rand*, 113 F.3d at 1525. Neither the need for discovery, nor the fact that the *pro se* litigant would be better served with the assistance of counsel, necessarily qualify the issues involved as complex. *Id*.

The issues in this case are not particularly complex and Plaintiff has thus far been able to adequately present his claims. Even if Plaintiff's filings thus far have been prepared with legal assistance, this alone does not constitute an exceptional circumstance. Nor does the fact that there are multiple defendants, and that these defendants are state employees at various levels of authority, render the case complex.

Plaintiff's motion requesting appointment of counsel is DENIED for lack of exceptional circumstances. This denial is without prejudice to the Court's *sua sponte* appointment of counsel at a future date should the circumstances of this case warrant such appointment.

**CONCLUSION**

For the foregoing reasons, Plaintiff's motion for default judgment against Defendant McCall (Dkt. No. 19), and motion requesting appointment of counsel (Dkt. No. 20) are both DENIED.

This order terminates Docket Nos. 19 and 20.

**IT IS SO ORDERED.**

Dated: 12/22/2017

HAYWOOD S. GILLIAM, JR.
United States District Judge