UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLVESTER BRADFORD,<br><br>Plaintiff,<br><br>v.<br><br>MINH VOONG, et al.,<br><br>Defendants. | Case No. 17-cv-04964-HSG<br><br>**ORDER GRANTING REQUEST FOR SCREENING; DISMISSING CERTAIN CLAIMS WITH PREJUDICE; ORDERING DEFENDANTS TO SHOW CAUSE** |

Plaintiff, an inmate at Mule Creek State Prison, has filed a *pro se* civil rights action. This action was removed to federal court, Dkt. No. 1, and the Court found that the complaint alleged federal law claims, Dkt. No. 17. The Court now reviews the complaint pursuant to 28 U.S.C. § 1915A.[1]

**DISCUSSION**

**A. Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

---

[1] The Court GRANTS Defendants' request that the Court screen Plaintiff's complaint. Dkt. No. 22.

claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although a complaint "does not need detailed factual allegations [in order to state a claim], . . . a plaintiff's obligation to provide the grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Complaint**

Plaintiff names as defendants Correctional Training Facility ("CTF") correctional officers J. Barba, M. Ramirez, DN McCall, and Arnold; CTF Warden Spearman; California Department of Corrections and Rehabilitation ("CDCR") Director Jeffrey Beard; and CDCR Office of Appeals Chief M. Voong.

According to the complaint, on August 21, 2015, while Plaintiff was housed at CTF, Officer Arnold searched Plaintiff's cell. During the search, Officer Barba waited outside the cell. Officer Barba then issued a rules violation report ("RVR") on August 25, 2015, falsely stating that he had personally discovered two bags of pulp and a large bag of inmate manufactured alcohol during the cell search, and falsely accusing Plaintiff of possessing inmate manufactured alcohol. Plaintiff was found guilty of this RVR after a hearing conducted by Lt. McCall. Plaintiff filed numerous grievances and staff complaints regarding this RVR, which were reviewed, denied, and/or cancelled by Officer Ramirez, Warden Spearman, Director Beard, and Chief Voong. Plaintiff filed grievances challenging the cancellations, and these grievances were reviewed, denied, and/or cancelled by Officer Ramirez, Warden Spearman, Director Beard, and Chief

2

Voong.

Plaintiff alleges sixteen causes of action. The causes of action state two federal law claims and numerous state law claims.

Plaintiff's first federal law claim is that Officer Barba's false accusation constituted cruel and unusual punishment in violation of the Eighth Amendment. *See* Dkt. No. 1-1 at 39–41 (first cause of action) and Dkt. No. 1-1 at 44–45 (third cause of action).[2] Officer Barba's false accusation does not implicate the Eighth Amendment's ban on cruel or unusual punishment. To qualify as a punishment subject to the Eighth Amendment, there must be a criminal penalty or punishment that attaches after a formal adjudication of guilt. *See Bell v. Wolfish*, 441 U.S. 520, 537 n.16 (1979). Here, Officer Barba's false accusation and the subsequent consequences for Plaintiff are unrelated to punishment for a crime, or to an adjudication of guilt for a crime. Plaintiff's Eighth Amendment claims against Officer Barba in his first and third causes of actions are DISMISSED with prejudice because leave to amend would be futile. *See James v. Giles*, 221 F.3d 1074, 1077 (9th Cir. 2000) (where amendment would be futile, denial of leave to amend is appropriate).

Plaintiff's second federal law claim is that Officer Barba and Director Beard violated his federal due process rights. *See* Dkt. No. 1-1 at 50–51(seventh cause of action); and Dkt. No. 1-1 at 66–67 (fourteenth cause of action[3]).[4]

---

[2] Plaintiff's second, ninth, eleventh, and thirteenth causes of action also allege that Defendants' actions constituted cruel and unusual punishment but are silent as to whether Plaintiff is alleging a violation of the federal constitution or a violation of the California constitution. Dkt. No. 1-1 at 42–43, 55–56, 60–61, and 64–65. Plaintiff's second cause of action again alleges that Defendant Barba's false accusation constituted cruel and unusual punishment. Dkt. No. 1-1 at 42–43. Plaintiff's ninth, eleventh, and thirteenth causes of action allege that the actions of Lt. McCall, Officer Ramirez, and Warden Spearman, respectively, in processing his grievances constituted cruel and unusual punishment. Dkt. No. 1-1 at 55–56, 60–61, and 64–65. If these causes of action intend to allege Eighth Amendment violations, they fail for the same reason the Eighth Amendment claims set forth in Plaintiff's first and third causes of action fail. As discussed above, because these actions are unrelated to punishment for a crime, or to an adjudication of guilt for a crime, these allegations fail to state a cognizable Eighth Amendment claim.

[3] Plaintiff states a federal due process claim in his fourteenth cause of action because he cites only federal case law in support of his claim. Dkt. No. 1-1 at 66; *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986) ("the vast majority of cases brought under the general federal-question jurisdiction of the federal courts are those in which federal law creates the cause of action").

[4] Plaintiff's second, third, fourth, eighth, eleventh, and fifteenth causes of action also allege due

3

In Plaintiff's seventh cause of action, he alleges that his due process rights were violated when Officer Barba falsely accused him of possessing inmate manufactured alcohol, and when Officer Arnold allowed Officer Barba to make a false accusation. The Ninth Circuit has not directly addressed whether being falsely or wrongly accused of conduct violates an inmate's federal due process rights. Other circuits, however, have held that, generally speaking, allegations of a fabricated charge fail to state a claim under § 1983. *See, e.g., Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989) (inmate's claims based on the falsity of the charges did not, standing alone, state constitutional claims; *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986) (inmate has "no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest;" only has right to not "be deprived of a protected liberty interest without due process of law"); *Hanrahan v. Lane*, 747 F.2d 1137, 1140–41 (7th Cir. 1984) (allegation that prison guard planted false evidence implicating inmate in disciplinary infraction fails to state cognizable due process claim where procedural due process protections were afforded). The Court will allow the parties to address the viability of this claim before determining whether the claim is cognizable. The Court therefore orders Defendants to show cause why the Court should not find that Plaintiff's false accusation allegation states a cognizable federal due process claim.

Plaintiff's federal constitutional due process claim against Director Beard (fourteenth cause

---

process violations but are also silent as to whether Plaintiff is alleging a violation of the federal constitution or the California constitution. Dkt. No. 1-1 at 42–46, 52–54, 60–61, and 68–69.

Plaintiff's eighth cause of action alleges that Lt. McCall violated his due process rights when Lt. McCall found him guilty of the rules violation despite Officer Barba's acknowledgement that he had made false statements in the RVR. Dkt. No. 1-1 at 52–54. Plaintiff's eleventh cause of action alleges that Officer Ramirez violated his due process rights when Officer Ramirez screened out and cancelled Plaintiff's grievances related to the rules violation. Dkt. No. 1-1 at 60–61. Plaintiff's fifteenth cause of action alleges that Chief Voong violated his due process rights when Chief Voong cancelled Plaintiff's grievances related to the rules violation. Dkt. No. 1-1 at 68–69. If these causes of action intend to allege a federal due process violation, they fail for the same reason that Plaintiff's federal due process claims set forth in his seventh and fourteenth causes of action fail. As discussed above, a prison official's role in processing, reviewing, or denying an inmate's grievance or appeal from a misconduct finding generally does not state a cognizable § 1983 claim.

Plaintiff's second, third, and fourth causes of action allege that Officer Barba falsely accused him of possession of inmate manufactured alcohol. Dkt. No. 1-1 at 42–46. The Court has ordered Defendants to show cause why an allegation of a false accusation does not state a cognizable federal due process claim.

of action) arises from Director Beard's denial of his grievances and therefore fails to state a claim for § 1983 liability. A prisoner has no constitutional right to an effective grievance or appeal procedure. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding that a prisoner has no constitutional right to an effective grievance or appeal procedure); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) ("There is no legitimate claim of entitlement to a grievance procedure."). A prison official's denial of an inmate's grievance or appeal from a misconduct finding generally does not constitute significant participation in an alleged constitutional violation sufficient to give rise to personal liability. *See*, *e.g.*, *Wilson v. Woodford*, No. 1:05–cv–00560–OWW–SMS, 2009 WL 839921, at *6 (E.D. Cal. Mar. 30, 2009) (ruling against a prisoner on an administrative complaint does not cause or contribute to the violation). Plaintiff's federal constitutional due process claim against Director Beard is therefore DISMISSED from this action with prejudice because leave to amend would be futile. *See James*, 221 F.3d at 1077.

The remaining claims are state law claims. Because it is unclear whether Plaintiff has stated any cognizable federal law claims, the Court will not screen Plaintiff's state law claims at this time. If the Court finds that Plaintiff has stated a cognizable federal law claim, the Court will screen the state law claims at that time.

//

//

//

//

//

//

//

//

//

//

**CONCLUSION**

For the foregoing reasons, the Court DISMISSES with prejudice Plaintiff's federal law claim that Officer Barba's false accusation constituted cruel and unusual punishment in violation of the Eighth Amendment, and his claim that Director Beard's denial of his grievances violated Plaintiff's federal due process rights. The Court will not screen Plaintiff's state law claims at this time. Within twenty-eight (28) days of this order, the Court orders Defendants to show cause why the Court should not find that Plaintiff's false accusation allegation states a cognizable due process claim. If Plaintiff so wishes, he may file an opposition to Defendants' response to the order to show cause. The opposition shall be filed no later than twenty-eight (28) days after the Defendants' response is filed.

**IT IS SO ORDERED.**

Dated: 5/2/2018

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge