UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLVESTER BRADFORD,<br><br>Plaintiff,<br><br>v.<br><br>MINH VOONG, et al.,<br><br>Defendants. | Case No. 17-cv-04964-HSG<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>Re: Dkt. No. 31 |

Plaintiff, an inmate at Mule Creek State Prison in Ione, California filed this *pro se* complaint regarding events that transpired when he was previously housed at CTF. Dkt. No. 1. Now pending before the Court is Plaintiff's second motion for appointment of counsel. Dkt. No. 31. The Court DENIES the motion for appointment of counsel for the following reasons.

There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *Lassiter v. Dep't of Social Svcs.*, 452 U.S. 18, 25 (1981). A court may request an attorney to represent any person unable to afford counsel pursuant to Section 1915(e)(1) of the United States Code, title 28, *see* 28 U.S.C. § 1915(e)(1), but only in "exceptional circumstances," *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *partially overruled on other grounds*, 154 F.3d 952, 954 n. 1 (9th Cir. 1998). To determine exceptional circumstances, the Court must evaluate the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *Rand*, 113 F.3d at 1525. Neither the need for discovery, nor the fact that the *pro se* litigant would be better served with the assistance of counsel, necessarily qualify the issues involved as complex. *Id*.

Plaintiff previously requested appointment of counsel, and the Court denied the request, finding that the issues in this case are not particularly complex and that Plaintiff has thus far been able to adequately present his claims. Dkt. Nos. 20 and 21. In Plaintiff's second motion for appointment of counsel, he argues that he now requires representation by counsel because Defendants are being represented by two deputy attorney generals, which means that these attorneys will bury Plaintiff in paperwork, "requir[ing] more research and investigation [on Plaintiff's part]" and Plaintiff has limited access to the law library. Plaintiff's concern is not supported by the record to date, and does not warrant appointment of counsel. Plaintiff also argues that a trial would likely involve conflicting testimony, and counsel would be better able to present evidence and cross-examine witnesses. At this stage in the litigation, it is too early to determine whether this case will proceed to trial.

The circumstances of this case have not changed materially since the Court denied Plaintiff's initial motion for appointment of counsel. Therefore the Court finds no "exceptional circumstances" currently exist that would justify the appointment of counsel at this time. The Court denies Plaintiff's request without prejudice to the Court's *sua sponte* appointment of counsel at a future date should the circumstances of this case warrant such appointment.

This order terminates Docket No. 31.

**IT IS SO ORDERED.**

Dated: 6/27/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge