1

2

3

4                          UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6

7    SYLVESTER BRADFORD,                    Case No.  17-cv-04964-HSG

8                   Plaintiff,
                                            **ORDER DISMISSING CERTAIN**
9           v.                              **CLAIMS; GRANTING LEAVE TO FILE**
                                            **MOTION FOR RECONSIDERATION;**
10   MINH VOONG, et al.,                    **GRANTING LEAVE TO FILE**
                                            **AMENDED COMPLAINT**
11                  Defendants.
                                            Re: Dkt. Nos. 28, 34

12

13          Plaintiff has filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against prison

14   officials at San Quentin State Prison ("SQSP") where he was previously housed.  On May 2, 2018,

15   the Court screened the complaint and found that Plaintiff had stated two cognizable Eighth

16   Amendment claims and two cognizable federal due process claims.  Dkt. No. 26.  In the screening

17   order, the Court ordered the parties to show cause why the Court should or should not find that

18   Plaintiff's false accusation allegation states a cognizable federal due process claim.  The parties

19   have responded to the Court's order to show cause.  Dkt. Nos. 29 and 32.  Plaintiff has also filed

20   pleadings alleging that the Court failed to acknowledge his federal retaliation claim, which the

21   Court construes as seeking leave to file a motion for reconsideration of the Court's screening

22   order.  Dkt. Nos. 28, 34.  For the reasons that follow, the Court DISMISSES the due process claim

23   with prejudice; GRANTS leave to file a motion for reconsideration; DISMISSES the retaliation

24   claim with prejudice; and remands this action to state court.

25                          **PROCEDURAL BACKGROUND**

26          On August 25, 2017, Defendants Beard and Voong removed this case from Monterey

27   County Superior Court.  Dkt. No. 1.  Plaintiff sought remand of the case, claiming that he had

28   specifically removed "all claims which could be construed to have federal jurisdiction."  Dkt.

United States District Court
Northern District of California

1    6 at 1.  Plaintiff moved to dismiss the complaint lodged at Dkt. No. 1, and file an amended
2    complaint withdrawing all federal claims  There was no amended complaint attached to this
3    pleading.  Dkt. No. 12.

4        On December 4, 2017, the Court denied the motion for remand because the complaint
5    clearly presented federal claims, and denied the motion to dismiss the complaint and to file an
6    amended complaint because no amended complaint had been attached to the motion.  Dkt. No. 17
7    at 3–4.  The denial of the motion to dismiss and the motion to file an amended complaint was
8    without prejudice to filing a renewed motion to file an amended complaint that provided a copy of
9    the proposed amended complaint.  Dkt. No. 17 at 4.

10       Because no amended complaint was filed, the Court screened the complaint on May 2,
11   2018.  Dkt. No. 26.  The Court found that the complaint alleged four cognizable federal claims —
12   the Eighth Amendment claims set forth in the first and third causes of action and the due process
13   claims set forth in the seventh and fourteenth causes of action.  Dkt. No. 26 at 3–5.  The Court
14   dismissed three of the four claims with prejudice.  The Court dismissed with prejudice the Eighth
15   Amendment claims that Defendant Barba's false accusation constituted cruel and unusual
16   punishment (first and third causes of action), and the due process claim against Director Beard
17   (fourteenth cause of action).  Dkt. No. 26 at 4–5.  The Court ordered Defendants to show cause
18   why the remaining federal claim, Plaintiff's false accusation allegation (seventh cause of action),
19   did not state a cognizable federal due process claim.  Dkt. No. 26 at 4 and 6.  The Court deferred
20   screening the state-law claims.  Dkt. No. 26 at 5.

21       On May 17, 2018, Plaintiff filed a pleading alleging that the Court's screening order had
22   failed to acknowledge his federal retaliation claim.  Dkt. No. 28.

23       On May 30, 2018, Defendants filed a response to the order to show cause, Dkt. No. 29, and
24   on June 14, 2018, Plaintiff filed an opposition to Defendants' response, Dkt. No. 32.

25       On August 22, 2018, Plaintiff filed a pleading again alleging that the Court had failed to
26   acknowledge his federal retaliation claim in its screening order.  Dkt. No. 34.

27   //
28   //

United States District Court
Northern District of California

United States District Court
Northern District of California

**DISCUSSION**

**I.      False Accusation Allegation**

In his seventh cause of action, Plaintiff alleges that Defendants Barba and Arnold falsely accused him of possessing inmate-manufactured alcohol. Dkt. No. 1-1 at 50–51. Specifically, he alleges that on August 21, 2015, while he was housed at CTF, Defendant Arnold searched his cell while Defendant Barba remained outside the cell. On August 25, 2015, Defendant Barba issued a rule violations report ("RVR") in which he falsely alleged that he had personally discovered two bags of pulp and a large bag of inmate-manufactured alcohol during the cell search, falsely accused Plaintiff of possessing inmate-manufactured alcohol, and falsely claimed that Plaintiff admitted to ownership of the alcohol. Dkt. No. 1-1 at 7–8 and 21–23. Plaintiff further alleges that Defendant Arnold knew or should have known that Defendant Barba had made false statements in the RVR. According to the attachments to the complaint, on August 28, 2015, Plaintiff was found guilty of possession of inmate-manufactured alcohol, and assessed the following punishment: forfeiture of 91 days of good time credit; 60 days on privilege Group C from August 28, 2015 to November 26, 2015; one-fourth the maximum monthly canteen draw; no access to recreational or entertainment activities; limited to "C" status privileges (Monday through Friday yard from 0800 to 0900 hours, dayroom 0900 to 1000); no family visits; no personal property packages; no telephone calls except for emergency calls; and loss of pay from a paid assignment from August 28, 2015 to November 26, 2015. Dkt. No. 1-1 at 123. On October 26, 2015, the guilty finding was vacated and dismissed. Dkt. No. 1-1 at 105–06.

The Ninth Circuit has not directly addressed in a published opinion whether being falsely or wrongly accused of conduct violates an inmate's federal due process rights. Other circuits, however, have held that, generally speaking, allegations of a fabricated charge, without more, fail to state a § 1983 claim. *See, e.g., Freeman v. Rideout*, 808 F.2d 949, 951, 953 (2d Cir. 1986); *Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989); *Hanrahan v. Lane*, 747 F.2d 1137, 1140–41 (7th Cir. 1984).

Defendants argue that Plaintiff's false accusation allegation fails to state a cognizable due process claim because being briefly found guilty of possessing alcohol is not an atypical hardship

that implicates the Due Process Clause, citing to *Smith v. Mesinger*, 293 F.3d 641, 654 (3d Cir. 2002), and *Shotwell v. Brandt*, No. C 10-5232 CW PR, 2012 WL 6569402, at *2 (N.D. Cal. Dec. 17, 2012), and because Plaintiff was provided with the minimum procedural requirements required by the Supreme Court for prison disciplinary proceedings as set forth in *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974), and *Superintendent v. Hill*, 472 U.S. 445, 455 (1985).  In the alternative, Defendants argue that they are entitled to qualified immunity because it was not clearly established that a false accusation could amount to a due process violation.  Defendants note that the Ninth Circuit and district courts in the Northern District of California have consistently held that prisoners do not have a constitutional right to be free from false accusations of misconduct. Defendants cite, among other cases, *Garrot v. Glebe*, 600 F. App'x 540, 542 (9th Cir. 2015), an unpublished decision affirming the denial of a habeas petition, in which the Ninth Circuit approvingly cited the out-of-circuit cases discussed above.  Dkt. No. 29 at 3.

Plaintiff argues that he has stated a cognizable due process claim for the following reasons. First, Plaintiff argues that the Due Process Clause entitles him to a fair and impartial decisionmaker, citing to *Morrisey v. Brewer*, 408 U.S. 471 (1972), *Smith v. Phillips*, 455 U.S. 209 (1982), and *Edwards v. Balisok*, 520 U.S. 641 (1997), and requires the decisionmaker to base his decision on reliable evidence, citing to *United States v. Columbus*, 881 F.2d 785 (9th Cir. 1989). Dkt. No. 32 at 1–2.  Plaintiff argues that he was denied these procedural protections when Defendant McCall found Plaintiff guilty based on Defendant Barba's false statements in the RVR. *Id.*  Second, Plaintiff reiterates his allegations that Defendant Voong improperly denied his grievance in retaliation for Plaintiff's filing of administrative grievances.  Dkt. No. 32 at 3–4.[1]

---

[1] Plaintiff makes additional arguments which are based on inaccurate readings of the caselaw cited.

First, Plaintiff argues that Defendants have violated the Eighth Amendment by being deliberately indifferent to his testimony during the disciplinary hearing, citing to *Estelle v. Gamble*, 429 U.S. 49 (1976), and *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).  Dkt. No. 32 at 1.  There is no Eighth Amendment requirement that a prison hearing officer refrain from "deliberate indifference" to testimony provided during a disciplinary hearing.  *Estelle* holds that the Eighth Amendment prohibits prison officials from being deliberately indifferent to an inmate's serious medical needs, and *Rhodes* addressed whether a double-celling policy violated the Eighth Amendment's prohibition on cruel and unusual punishment.  Neither case sets forth procedural protections required for disciplinary hearings.

Second, Plaintiff argues that he is entitled to relief because he is entitled to judgment as a

United States District Court
Northern District of California

United States District Court
Northern District of California

1   The Court finds that Plaintiff has failed to state a cognizable due process claim because he

2   has not been deprived of a protectable liberty interest.  The Due Process Clause of the Fourteenth

3   Amendment protects individuals against governmental deprivations of "life, liberty or property,"

4   as those words have been interpreted and given meaning over the life of our republic, without due

5   process of law.  *Board of Regents v. Roth*, 408 U.S. 564, 570-71 (1972).  The procedural

6   guarantees of due process apply when a constitutionally-protected liberty or property interest is at

7   stake.  *See Wolff v. McDonnell*, 418 U.S. 539, 557-57 (1974).  In the prison context, due process

8   protections are implicated where the punishment imposed by prison officials (1) effects "atypical

9   and significant hardship on the inmate in relation to the ordinary incidents of prison life," or (2)

10   "inevitably affect[s] the duration of [a] sentence."  *See Sandin v. Conner*, 515 U.S. 472, 484, 487

11   (1995).

12   Here, the false accusation did not result in the loss of a protected liberty interest.  The

13   guilty finding was vacated after two months.  The temporary guilty finding and the related two

14   month deprivation of certain privileges did not affect the duration of Plaintiff's sentence and did

15   not constitute an atypical and significant hardship in relation to the ordinary incidents of prison

16   life.  *Cf. Sandin*, 515 U.S. at 487 (disciplinary confinement does not implicate constitutional

17   liberty interests because, with insignificant exceptions, disciplinary segregation mirrors conditions

18   imposed upon inmates in administrative segregation and protective custody); *Frank v. Schultz*, 808

19   F.3d 762, 763-64 (9th Cir. 2015) (summary judgment properly granted to defendants on due

20   process claim where prisoner filed successful administrative appeal which led to the removal of

21   incident report from his file and prisoner ultimately did not lose good time credits); *Serra v.*

22   *Lappin*, 600 F.3d 1191, 1196 (9th Cir. 2010) ("prisoners do not have a legal entitlement to

23   payment for their work").  As a matter of law, Plaintiff's allegations fail to state a cognizable due

---

25   matter of law based on the facts admitted, citing to *Browder v. Dir., Dep't of Corr. of Ill.*, 434
26   U.S. 257 (1978).  *Browder* addresses the need for an evidentiary hearing in a habeas proceeding
    where the facts are undisputed, and is therefore inapplicable here.  A habeas proceeding differs
    markedly from a § 1983 action, and Plaintiff's facts are not undisputed.

27   Third, Plaintiff argues that the Court has jurisdiction to hear this case pursuant to *Edwards*
    *v. Balisok*, 520 U.S. 641 (1997).  *Edwards* addresses whether the *Heck* rule bars federal district
28   courts from considering § 1983 claims that would imply the invalidity of a prison disciplinary
    finding.  Defendants have not brought a *Heck* challenge to Plaintiff's claims.

5

1    process claim.  Plaintiff's due process claim is DISMISSED with prejudice.

2

3    **II.    Federal Retaliation Claim**

4          Plaintiff has filed pleadings arguing that the Court failed to acknowledge his federal

5    retaliation claim.  Dkt. Nos. 28, 34.  The Court construes the initial pleading (Dkt. No. 28) as a

6    request for leave to file a motion for reconsideration of the screening order.  For the reasons set

7    forth below, the Court GRANTS Plaintiff leave to file the motion for reconsideration of the

8    screening order; GRANTS the request for reconsideration of the screening order; and DISMISSES

9    the federal retaliation claim with prejudice.

10          **A.    Motion for Reconsideration**

11          Where the court's ruling has not resulted in a final judgment or order, reconsideration of

12   the ruling may be sought under Rule 54(b) of the Federal Rules of Civil Procedure, which

13   provides that any order which does not terminate the action is subject to revision at any time

14   before the entry of judgment.  *See* Fed. R. Civ. P. 54(b).  "Reconsideration is appropriate if the

15   district court (1) is presented with newly discovered evidence, (2) committed clear error or the

16   initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law."

17   *School Dist. No. 11 v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

18          In the Northern District of California, no motion for reconsideration may be brought

19   without leave of court.  *See* Civil L.R. 7-9(a).  Under Civil Local Rule 7-9, the moving party must

20   specifically show: (1) that at the time of the motion for leave, a material difference in fact or law

21   exists from that which was presented to the Court before entry of the interlocutory order for which

22   the reconsideration is sought, and that in the exercise of reasonable diligence the party applying

23   for reconsideration did not know such fact or law at the time of the interlocutory order; or (2) the

24   emergence of new material facts or a change of law occurring after the time of such order; or

25   (3) a manifest failure by the court to consider material facts which were presented to the Court

26   before such interlocutory order.  *See* Civil L.R. 7-9(b).  Unless otherwise ordered by the Court,

27   local rules do not require response to a motion for reconsideration.  *See* Civil L.R. 7-9(c).

28          In his motion for leave to file a reconsideration motion, Plaintiff argues that the Court has

1    failed to acknowledge his federal retaliation claim against Defendant Voong for denying and

2    cancelling Grievance No. 15-02048.  Plaintiff appears to be referring to Claim No. 15 which

3    discusses Defendant Voong's cancellation of Grievance No. 15-02048.  Dkt. No. 1-1 at 68–69.

4    Plaintiff does not directly make a claim of retaliation in this cause of action.  But he does refer to

5    retaliation in his general overview of the legal claims.  *See* Dkt. No. 1-1 at 19–20.  The Court

6    therefore liberally construes Claim No. 15 as alleging a federal retaliation claim.  Accordingly, the

7    Court GRANTS Plaintiff leave to file a motion for reconsideration and GRANTS the request for

8    reconsideration of the screening order in that the Court will screen Claim No. 15, which alleges

9    that Defendant Voong retaliated against Plaintiff for filing grievances by denying and cancelling

10   Grievance No. 15-02048, in violation of the First Amendment.

11        **B.      Screening Retaliation Claim**

12             **1.      Standard**

13        Pursuant to 28 U.S.C. § 1915A(a), this Court must conduct a preliminary screening of

14   Claim No. 15, and dismiss the claim if it is frivolous, is malicious, fails to state a claim upon

15   which relief may be granted, or seek monetary relief from a defendant who is immune from such

16   relief.  *See* 28 U.S.C. § 1915A(b)(1), (2).  *Pro se* pleadings must be liberally construed.  *See*

17   *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

18        Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

19   claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "Specific facts are not

20   necessary; the statement need only '"give the defendant fair notice of what the . . . claim is and the

21   grounds upon which it rests.'"  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

22   Although a complaint "does not need detailed factual allegations [in order to state a claim], . . . a

23   plaintiff's obligation to provide the grounds of his 'entitle[ment] to relief' requires more than

24   labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. .

25   . . Factual allegations must be enough to raise a right to relief above the speculative level."  *Bell*

26   *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must

27   proffer "enough facts to state a claim for relief that is plausible on its face."  *Id.* at 570.

28        To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:

United States District Court
Northern District of California

1   (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that

2   the alleged violation was committed by a person acting under the color of state law.  *See West v.*

3   *Atkins*, 487 U.S. 42, 48 (1988).

4                   **2.      Analysis**

5          Plaintiff alleges that Defendant Voong retaliated against him for utilizing the prison

6   grievance system by denying and cancelling Grievance No. 15-02048.  Dkt. No. 1-1 at 70–71; *see*

7   *also* Dkt. No. 28 at 1–3.  Specifically, he argues that Defendant Voong's cancellation of Grievance

8   No. 15-02048 was retaliatory because the cancellation was clearly erroneous and contradicted by

9   the record.  Dkt. No. 1-1 at 70–71; *see also* Dkt. No. 28 at 1–3.

10         "Within the prison context, a viable claim of First Amendment retaliation entails five basic

11   elements:  (1) An assertion that a state actor took some adverse action against an inmate

12   (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's

13   exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate

14   correctional goal."  *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005) (footnote omitted).

15   Prisoners may not be retaliated against for exercising their right of access to the courts.  *See*

16   *Schroeder v. McDonald*, 55 F.3d 454, 461 (9th Cir. 1995).  The right of access to the courts

17   extends to established prison grievance procedures.  *See Bradley v. Hall*, 64 F.3d 1276, 1279 (9th

18   Cir. 1995).

19         After a careful review of the complaint, the Court concludes that Plaintiff has not stated a

20   cognizable First Amendment retaliation claim.  Plaintiff's conclusion that the cancellation was

21   retaliatory is contradicted by the exhibits attached to the complaint and relies on conclusory and

22   speculative allegations.  *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)

23   (court need not accept as true allegations that contradict exhibits attached to the complaint).

24         According to the exhibits, in Grievance No. 15-02048, Plaintiff grieved that he had been

25   assessed a sixty-day loss of privileges for a first time-offense[2] despite Section 3315(f)[3] prescribing

26

27   _____
    [2] Plaintiff was assessed the sixty-day loss of privilege for possessing inmate-manufactured
    alcohol, which violated the version of section 3016(a) in effect at the time.  Dkt. No. 1-1 at 105.
28   In 2015, when Plaintiff was issued this RVR, section 3016(a) prohibited inmates from *inter alia*
    possessing alcohol.  15 Cal. Code Regs. § 3016(a) (2015).  In the current version of section 3016,

a thirty-day loss of privileges for a first-time offense.  Dkt. No. 1-1 at 101, 103.  Plaintiff

requested the following relief:  (1) that he only be assessed a thirty-day loss of privileges; (2) $100

per day compensation for each day beyond the thirty-day period because he had already suffered

the sixty-day loss of privileges; and (3) punitive damages for excessive punishment and malicious

prosecution.  Dkt. No. 1-1 at 101, 103.  The first level of review was bypassed per Section 3084.7.

Dkt. No. 1-1 at 105.  At the second level of review, the second level reviewer found that the

underlying RVR suffered from due process and procedural violations, namely that a portion of the

RVR was inaccurate and that the penalties assessed did not comply with Section 3315(f),

rendering the RVR unusable as a stand-alone document.  Dkt. No. 1-1 at 105.  The second level

reviewer declined to reissue and rehear the RVR because it would require modifying the original

RVR and instead issued a modification order requiring that the underlying RVR be vacated and

dismissed.  Dkt. No. 1-1 at 105–06.  Plaintiff appealed the second level decision because it failed

to compensate him monetarily for the days when he was subjected to loss of privileges, and

because it could not restore his C-status.  Dkt. No. 1-1 at 102.  At the third level of review,

Defendant Voong cancelled the grievance stating as follows:

> Your appeal has been cancelled pursuant to the California Code of Regulations, Title 15, Section (CCR) 3084.6(c)(11).  The issue under appeal has been resolved at a previous level.
>
> Your Rules Violation Report (RVR) was ordered reissued and reheard.  If you have a new issue after the rehearing, you will need to submit a new appeal.
>
> Pursuant to the CCR Title 15, Section 3084.9(g)(1), 'A disciplinary action cannot be appealed until the hearing process is completed, including any re-hearing.'  DOM 54100.20.3.1, 'When a disciplinary action is ordered reissued and reheard, the original disciplinary disposition shall be vacated and no longer have effect.  Any appeal of the original disciplinary disposition shall be cancelled.'  Pursuant to CCR 3084.6(e), once an appeal has been cancelled, that appeal may not be resubmitted.  However, a separate appeal can be filed on the cancellation decision.  The original appeal may only be resubmitted if the appeal on the cancellation is granted.

Dkt. No. 1-1 at 100.

The third-level review clearly states that Defendant Voong cancelled Grievance No. 15-

---

the prohibition on possession of alcohol is now set forth in subsection b, rather than subsection a. 15 Cal. Code Regs. § 3016(a)-(b) (2018).
[3] All further statutory references in this section are to title 15 of the California Code of Regulations.

1    02048 because the original disciplinary disposition had been vacated and no longer had effect.

2    Defendant Voong was correct that the underlying RVR had been vacated.  However, as Plaintiff

3    correctly points out, Defendant Voong incorrectly stated that the underlying RVR had been

4    vacated because it had been ordered reissued and reheard.  Rather, the second-level reviewer had

5    ordered that the underlying RVR be vacated, and specifically precluded the possibility of reissuing

6    and rehearing the RVR.

7         Plaintiff has failed to allege adverse action by Defendant Voong.  Making an incorrect

8    statement that the underlying RVR had been ordered re-issued and reheard is not an adverse

9    action.  The Court finds that Plaintiff has failed to state a cognizable federal retaliation claim and

10   DISMISSES this claim.  The dismissal is with prejudice because the deficiency cannot be cured

11   with additional allegations that are consistent with, and do not contradict, the allegations in the

12   original complaint and the exhibits attached thereto.  *See United States v. Corinthian Colleges*,

13   655 F.3d 984, 995 (9th Cir. 2011) ("Leave to amend is warranted if the deficiencies can be cured

14   with additional allegations that are "consistent with the challenged pleading" and that do not

15   contradict the allegations in the original complaint.") (citing *Reddy v. Litton Indus., Inc.*, 912 F.2d

16   291, 296–97 (9th Cir. 1990)); *see also Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en

17   banc) (district courts must afford *pro se* prisoner litigants an opportunity to amend to correct any

18   deficiency in their complaints, unless no amendment could save the complaint).

19   **III.    REMAND**

20        All that remains in this action are Plaintiff's state-law claims.  *See* 28 U.S.C. § 1367(a).

21   The Court may decline to exercise supplemental jurisdiction if it has dismissed all claims over

22   which it has original jurisdiction.  *See Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir.

23   2010) (citing  28 U.S.C. § 1367(c)(3) ).  "[I]n the usual case in which all federal-law claims are

24   eliminated before trial, the balance of factors to be considered under the pendent jurisdiction

25   doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to

26   exercise jurisdiction over the remaining state-law claims." *Id.* (citation omitted) (original

27   brackets).  The Court finds this to be "the usual case," and accordingly declines to exercise

28   supplemental jurisdiction.  The Court remands this case to Monterey Superior Court for such other

United States District Court
Northern District of California

and further proceedings as that Court deems proper.

## CONCLUSION

For the foregoing reasons, the Court orders as follows.

1.     The Court DISMISSES with prejudice Plaintiff's due process claim.

2.     The Court GRANTS Plaintiff's request for leave to file a motion for reconsideration, GRANTS the request for reconsideration of the screening order in that the Court has screened Claim No. 15 and finds that it fails to state a cognizable First Amendment retaliation claim.  The Court DISMISSES Claim No. 15 with prejudice.

3.     The Court DECLINES to exercise supplemental jurisdiction over Plaintiff's remaining state-law claims and REMANDS this case to Monterey County Superior Court for such other and further proceedings as that Court deems proper.   The Clerk shall close the file and send the necessary materials to the Monterey County Superior Court for the remand.

This order terminates Dkt. Nos. 28 and 34.

**IT IS SO ORDERED.**

Dated:  12/9/2020

HAYWOOD S. GILLIAM, JR.
United States District Judge

United States District Court
Northern District of California